IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

  vs.                                                         Case No. 1:17-cr-002236 WJ

DULCE ISABEL RAMOS-BURCIAGA,

      Defendant.

## **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY**

THIS MATTER comes before the Court on Defendant's Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 16(a)(1)(E)(i) and *Brady v. Maryland*, 373 U.S. 83 (1963), filed January 24, 2018 (**Doc. 36**). Having considered the parties' written arguments and applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is **DENIED.**

## BACKGROUND

On August 22, 2017, Defendant was indicted with

> unlawfully, knowingly, and intentionally possess[ing] with intent to distribute a controlled substance, 1 kilogram and more of a mixture and substance containing a detectable amount of heroin. In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

**Doc. 12.** Neither party describes the facts in the motion or response. It appears that on August 4, 2017, Defendant was arrested by DEA Agent Jarrell Perry, after exiting a Greyhound bus at the downtown Albuquerque Greyhound station. **Doc. 25.** Agent Perry discovered heroin inside Defendant's handbag, after an allegedly consensual search.

In her Motion, Defendant requests the following discovery:

a) Any and all material and witnesses Special Agent Perry, or his partner, Agent Pantoja, relied upon, consulted, or otherwise considered in identifying Ms. Ramos-Burciaga as a target of investigation.

b) Any and all information regarding any investigation, information sharing, research, or other data gathering involving Ms. Ramos-Burciaga that preceded the audio-recorded encounter with Special Agent Perry.

c) Any and all information regarding any inspection, search, or screening by the government, or at the behest of the government, of Ms. Ramos-Burciaga's luggage or personal effects, conducted prior to the audio-recorded encounter with Ms. Ramos-Burciaga.

d) The audio-recording of each of Special Agent Perry's other civilian encounters that day that preceded his encounter with Ms. Ramos-Burciaga.

e) The recording of Agent Pantoja's interaction with Ms. Ramos-Burciaga. Agent Pantoja is referred to as Special Agent Perry's partner.

f) The recording of each of Agent Pantoja's other civilian encounters that day that preceded his encounter with Ms. Ramos-Burciaga.

**Doc. 36, p.2.** Defendant argues that Agent Perry practiced "parallel construction" and used other sources of information not disclosed to target her. Defendant asserts that the above evidence could be material or exculpatory, because it could bear on whether Agent Perry's search was constitutional. Defendant requests that the government put on the record whether any parallel construction techniques were used in this case, and if so, the precise methods used in this case.

## DISCUSSION

Defendant seeks an order compelling the Government to search for and disclose the above material. The Government asserts that such material either (1) does not exist, or (2) has been disclosed to the Defendant.

A. <u>Legal Standard</u>.

"[T]he *Brady* rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988);

2

*see also United States v. Griebel*, 312 F. App'x 93, 95–96 (10th Cir. 2008) (noting the "[G]overnment's discovery obligations [] are defined by Rule 16, Brady, Giglio and the Jencks Act" and stating the defendant's request to expand his discovery rights beyond those three sources was unsupported by the law).

    1.    *Brady*.

The *Brady* doctrine was established by the Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 87 (1963):

> We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

The United States Supreme Court in *Kyles v. Whitley*, 514 U.S. 419 (1995), described the responsibility of the government in dealing with *Brady*:

> But the prosecution, which alone can know what is undisclosed, must be assigned the responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of "reasonable provability" is reached. This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. But whether the prosecution succeeds or fails in meeting this obligation, the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of important is inescapable.

*Id.* at 437–38. *Brady* also extends to evidence affecting witness credibility. *See Giglio v. United States*, 405 U.S. 150, 154 (1972).

The government is not required to produce evidence simply because it *might* be exculpatory. *United States v. Agurs*, 427 U.S. 97, 110, n. 16 (1976) ("It is not to say that the State has an obligation to communicate preliminary, challenged, or speculative information."); *United States v. Fleming*, F.3d 1325, 1331 (10th Cir. 1994) (noting "[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard."). Moreover, the

3

Court does not have a duty to directly supervise the government's disclosure of *Brady* information, as such supervision would necessitate a complete review of all material gathered during the government's investigation. *See United States v. McVeigh*, 923 F. Supp. 1310, 1313 (D. Colo. 1996). Rather, the duty to determine what disclosure is required under *Brady* rests with the prosecution. *See Bank v. Reynolds*, 54 F.3d 1508, 1517 (10th Cir. 1995); *McVeigh*, 923 F.Supp. at 1313. The Court should rely on the government's representations of its compliance with *Brady* unless the defendant shows cause to question them and the materiality of the evidence sought. *See McVeigh*, 923 F.Supp. at 1314; *see also Banks v. Dretke*, 540 U.S. 668, 696 (2004) ("[o]rdinarily, we presume that public officials have properly discharged their official duties."). *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987) (where a defendant only makes a general request for exculpatory material under *Brady*, the government decides which information must be disclosed.).

        2.      <u>Fed. R. Crim. P. 16</u>.

Federal Rule of Criminal Procedure 16(a)(1) establishes guidance as to the nature and scope of pretrial discovery that the United States must provide. As to documents and objects, Rule 16(a)(1)(E) provides the following:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
>     (i)     the item is material to preparing the defense;
>     (ii)    the government intends to use the item in its case-in-chief at trial; or
>     (iii)   the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

A defendant must make a prima facie showing of materiality before he is entitled to obtain requested discovery. *See United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* To show materiality, the evidence must bear some abstract logical relationship to the issues in the case such that pretrial disclosure would enable the defendant significantly to alter the quantum of proof in his favor. *United States v. Lloyd*, 992 F.2d 348, 350–51 (D.C. Cir. 1993). This materiality requirement is not a heavy burden; rather, evidence is material as long as there is a strong indication that the evidence "will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id.* at 351 (internal quotations omitted). Nevertheless, ordering the production by the government of discovery without any preliminary showing of materiality is inconsistent with Rule 16. *Mandel*, 914 F.2d at 1219.

B. <u>Analysis</u>.

In the above discovery requests a) through f), Defendant seeks certain information on the investigation conducted by the DEA. The Government asserts that the requested discovery does not exist or is not in the possession of the United States, including in the possession of any federal agency that worked on the investigation. The Government also asserts that any material that does exist has been turned over.

The duty to comply with *Brady* rests with the prosecution. This means the prosecution has the duty to request *Brady* material from the relevant investigative agencies. *Smith v. Sec'y of New Mexico Dep't of Corr.*, 50 F.3d 801, 824 (10th Cir. 1995). The Court may rely on the Government's representations that the requested material does not exist. *United States v.*

*McVeigh,* 923 F.Supp. 1310, 1314 (D. Colo. 1996), *cited in United States v. Lujan*, 530 F. Supp. 2d 1224, 1256 (D.N.M. 2008) (Brack, J.). Because the Government represents that the requested material does not exist or has been turned over, and the Defendant has not shown cause otherwise, the Court denies Defendant's request. *See United States v. Sneed*, 34 F.3d 1570, 1581 (10th Cir. 1994) (district court may accept statements by attorneys that such evidence does not exist).

Because the Government represents that the requested discovery does not exist or has been turned over, the Court does not rule on whether the requested discovery is exculpatory or material. To the extent the Government has not inquired into whether the relevant federal agencies possess the requested material, the Government should do so. If the Government discovers that an agency possesses the requested material, this matter should be brought to the Court's attention again so that the undersigned can rule on whether the discovery is exculpatory or material. *United States v. Lujan*, 530 F. Supp. 2d 1224, 1257 (D.N.M. 2008).

## CONCLUSION

Because the Government represents that the requested discovery either does not exist or has been turned over, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE